IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BRADFORD LEE SOMOS,** | ) | CASE NO. 1:22 CV 1824 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| **CLASSIC MS, LLC,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |

*Pro se* plaintiff Bradford Lee Somos filed this *in forma pauperis* action against his former employer, Classic MS, LLC ("Classic") (Doc. No. 1). For the following reasons, this action is dismissed.

**I. Background**

On June 21, 2022, Plaintiff filed a civil rights complaint in this Court concerning his termination from employment with Classic on February 15, 2022. Plaintiff alleged employment discrimination, citing the Americans with Disabilities Act of 1990 ("ADA") and Title VII of the Civil Rights Act of 1964. Plaintiff claimed that Classic's use of a religious exemption form that required medical history information was not "explicitly required for a job duty or business need" and was therefore a violation of the ADA. Plaintiff also alleged that Classic's rejection of his religious exemption letter violated Title VII of the Civil Rights Act of 1964. *See Somos v.*

*Classic MS, LLC*, No. 1:22 CV 1081, 2022 U.S. Dist. LEXIS 175260 (N.D. Ohio Sep. 27, 2022) ("*Somos I*"). The Court dismissed the action, concluding that Plaintiff failed to state a claim for discrimination upon which relief could be granted. *Id.*

On October 11, 2022, Plaintiff filed this complaint, alleging once again employment discrimination based upon his disability and his religion. Plaintiff indicates that this case is related to *Somos I*. He seeks declaratory and compensatory relief.

**II. Standard of Review**

Plaintiff filed an application to proceed *in forma pauperis* (Doc. No. 2). The Court grants that application.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To state a plausible

claim, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 677-78; Fed. R. Civ. P. 8(a)(2). The plaintiff is not required to include detailed factual allegations, but he or she must provide more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678.

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197).

### III. Discussion

Upon review, the Court finds that Plaintiff's present action is duplicative of *Somos I* and is therefore barred by res judicata.

The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). The doctrine bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action.

This is Plaintiff's second action filed in this Court asserting that his employer, Classic, discriminated against him on the basis of his disability and his religion. In *Somos I* and in this

action, Plaintiff objected to Classic's Covid-19 vaccination mandate and the religious exemption form provided by the employer. And in both actions, Plaintiff claimed that Classic's use of its religious exemption form violated the ADA and Title VII of the Civil Rights Act of 1964. Although Plaintiff included additional facts in this complaint, the claims remain the same. Res judicata therefore bars relitigation of these claims in this subsequent action.

Plaintiff has therefore failed to state a claim upon which relief can be granted.

## IV. Conclusion

Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted.

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED**.

_____
DONALD C. NUGENT
United States District Judge

DATED: January 10, 2023